RECEIVED USDC
CLERK, CHARLESTON, SC
2018 DEC 28 PM 4: 45

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vanessa P. Foote, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Nancy Berryhill, Acting, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No. 9:17-2361-RMG <br><br><br> **ORDER** |

Plaintiff brought this action *pro se* pursuant to 42 U.S.C. § 405(g) to obtain relief from the final decision of the Commissioner of the Social Security Administration denying her disability insurance benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on December 10, 2018, recommending that the Commissioner's decision be reversed and remanded because: (1) the Administrative Law Judge's failure to consider the treatment records and findings of the Plaintiff's treating physician, Dr. I. F. Afulukwe, (2) the erroneous finding of the Administrative Law Judge ("ALJ") that both reports by non-examining physicians concluded that Plaintiff was capable of performing medium work, and (3) the failure of the ALJ to provide an adequate explanation for the finding that Plaintiff was capable of performing medium work. (Dkt. No. 26 at 10-14). The Commissioner has filed a response indicating that she will not submit objections to the R & R. (Dkt. No. 29).

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings." *Vitek*, 438 F.2d at 1157-58.

**Factual Background**

Plaintiff applied for DIB for the period August 29, 2013, to her date last insured of

December 31, 2014. She was fifty four and fifty five years of age during this period of time. The record reflects that Plaintiff repeatedly sought medical treatment for shortness of breath, which produced fatigue and difficulty walking for any sustained period of time. Tr. 291-96, 320-21, 327-332, 418-420. Various physicians appeared mystified by Plaintiff's shortness of breath but were unable to determine a definitive etiology for her condition. Tr. 293, 321, 329, 420.

In July 2015, Plaintiff came under the care of Dr. I. F. Afulukwe, who documented Plaintiff's shortness of breath (present both when sleeping and walking), exercise intolerance, and coughing up mucus. Tr. 473-4. Dr. Afulukwe diagnosed Plaintiff with asthma, allergic rhinitis, and possibly obstructive sleep apnea. Tr. 475. Dr. Afulukwe was unable to perform the full range of diagnostic tests because Plaintiff lacked health insurance and could not otherwise pay for the tests. In a November 2015 office visit, Dr. Afulukwe documented that Plaintiff had "marked" shortness of breath that rendered her unable to climb a flight of stairs or walk on level ground for a sustained period. Tr. 471. He concluded that "as a result of her respiratory difficulties and fatigue, she has not been able to work." *Id.*

Prior to Dr. Afulukwe's involvement in Plaintiff's care, two non-examining and non-treating physicians made chart reviews of the claimant's medical records. Dr. Elva Stinson referenced the various inconclusive medical evaluations of Plaintiff and noted that she appeared to have shortness of breath "of unclear etiology." Tr. 90. Dr. Stinson indicated that Plaintiff was capable of performing light work, which included an opinion that she could stand and/or walk six hours in an eight hour day. Tr. 89. She did not provide any documentation to support this conclusion. Another chart reviewer, Dr. Lina Caldwell, concluded that Plaintiff could perform medium work, which included lifting twenty five pounds regularly and fifty pounds occasionally

and standing and walking six hours in an eight hour day. Again, there was no documentation to support these findings.

An ALJ conducted an administrative hearing in this matter and issued a decision on November 30, 2016, concluding that Plaintiff could perform medium work and return to her past relevant work as a vacuum metalizer operator. In reaching that conclusion, the ALJ inaccurately stated that both chart reviewers (Stinson and Caldwell) had determined that Plaintiff could perform medium work and that no functional capacities evaluation had been completed by any treating physician. Tr. 41. No mention was made of Dr. Afulukwe's findings or diagnoses.

## Discussion

The Magistrate Judge, faced with these multiple deficiencies in the ALJ's decision, appropriately recommended the decision of the Commissioner be reversed and the matter remanded to the agency for further processing. (Dkt. No. 26). The Court finds that the Magistrate Judge ably addressed the factual and legal issues in this appeal and adopts the R & R as the order of the Court, with a few additional findings and conclusions.

First, Plaintiff, proceeding *pro se*, submitted to the Court a statement from Dr. Afulukwe dated December 18, 2018, indicating that he continued to care for and manage the medical treatment of Plaintiff. He described her condition as "debilitated and unable to engage in any type of gainful employment. She does not have the physical or mental capacity to do any work at this time, and into the foreseeable future." He described her condition as "potentially life threatening." He invited any questions and expressed a willingness to provide additional information that might be needed. (Dkt. No. 30-1).

42 U.S.C. § 405(g) authorizes a district court on appeal to incorporate new evidence into

the record if it can be shown to be material and there is good cause for the claimant not to have provided the information earlier. The Court finds such circumstances to be present here and hereby incorporates Dr. Afulukwe's December 18, 2018, letter into the record for consideration on remand. This newly provided evidence provides additional supporting information regarding Plaintiff's lack of capacity to sustain any type of work which requires more than minimal standing and/or walking.[1]

Second, the ALJ has a duty to develop a "full and fair record" to correct gaps or deficiencies in the record where "such evidence is necessary to a fair determination of the claim." *Thompson v. Sullivan*, 933 F.2d 581, 585-86 (7th Cir. 1991); *Walker v. Colvin*, C.A. No. 2:12-61-PVC, 2013 WL 5320664 at *15 (N.D. Ind. 2013); *Rivera v. Astrue*, No. 10-4324-RJD, 2012 WL 3614323 at *12 (E.D.N.Y. 2012). This duty is particularly important where the claimant is proceeding *pro se*. On remand, to the extent that the ALJ requires additional information regarding Plaintiff's condition from Dr. Afulukwe to complete the record, the ALJ is directed to follow up with him. It is obvious to this Court that the information from this treating physician is highly probative to a fair and just determination of this application for disability.

## Conclusion

Based upon the foregoing, the decision of the Commissioner is reversed pursuant to Sentence Four of 42 U.S.C. § 405(g) and remanded to the agency for further proceedings

---

[1] It is well settled that medical information from a period after the date last insured may be relevant in determining a claimant's disability status during the relevant time period if such evidence relates back to the earlier period. *Bird v. Commissioner of Social Security Administration*, 699 F. 3d 337, 340-41 (4th Cir. 2012). The record before the Court clearly demonstrates that Plaintiff's profound respiratory problems existed during the relevant time period but the diagnosis of that condition did not occur until after the date last insured, despite Plaintiff's repeated efforts to obtain medical treatment for her persistent shortness of breath.

consistent with this order.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

December 28, 2018
Charleston, South Carolina